OPINION
On November 15, 1997, appellant, Ralph Miller, was arrested and charged with one count of theft in violation of R.C. 2913.02. Said charge arose from an incident behind a Walmart retail store located in Licking County, Ohio.
A bench trial commenced on January 21, 1998. By journal entry filed same date, the trial court found appellant guilty and sentenced appellant to one hundred eighty days in jail and imposed a $400 fine plus costs.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE FAILURE OF TRIAL COUNSEL TO OBJECT TO CERTAIN TESTIMONY PRESENTED AT TRIAL AS INADMISSIBLE HEARSAY DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
II
 THE FAILURE OF TRIAL COUNSEL TO FULLY INVESTIGATE THE CASE AGAINST THE DEFENDANT-APPELLANT, SPECIFICALLY THE FAILURE TO OBTAIN TAPE RECORDINGS OF STATEMENTS ATTRIBUTED TO THE DEFENDANT-APPELLANT IN THE POSSESSION OF THE STATE OF OHIO, DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
 I, II
Appellant claims he was denied the effective assistance of trial counsel by counsel's failure to object to hearsay testimony and to fully investigate the case. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, cert. denied110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
In order to warrant reversal, appellant must establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington
(1984), 466 U.S. 668, 696.
 HEARSAY TESTIMONY
Pursuant to Evid.R. 802, hearsay statements are inadmissible. Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."
In the case sub judice, Officer April Martin of the Heath Police Department was on patrol behind a Walmart store when she observed appellant carrying two cardboard boxes run from a fenced in area to an unoccupied vehicle. T. at 6. Officer Martin ordered appellant to stop and called for back-up. T. at 7. Officer Craig Black arrived to assist Officer Martin. T. at 28. Officer Black remained with appellant while Officer Martin retrieved the boxes (Plaintiff's Exhibits 1 and 2). T. at 9. Inside the boxes was "Barbie-type merchandise." Id. Officer Martin then contacted an official from Walmart, Donald Boylan, who identified the boxes and merchandise as belonging to Walmart. T. at 11, 21-22.
While Officer Martin was busy with the boxes, Officer Black received permission from appellant to search his vehicle. T. at 29. Officer Black found additional merchandise in the trunk, "Lost World Action Figures" (Plaintiff's Exhibits 3 and 4). T. at 22-23, 29. Mr. Boylan was unable to identify this merchandise as belonging to Walmart because there were no labels on the boxes, but did confirm Walmart carried the particular merchandise. T. at 22-23. Officer Martin identified Plaintiff's Exhibits 1 and 2 in court as the same boxes she had retrieved after observing appellant carrying them on the afternoon in question. T. at 9.
Appellant argues "the State of Ohio offered the out of court statements to identify the merchandise allegedly stolen by Mr. Miller and offered at trial, as belonging to Walmart. Additionally, the State of Ohio relied on out of court statements to identify the exhibits offered at trial as those obtained by Officer Martin after her encounter with Mr. Miller." Appellant's Brief at 7. Appellant fails to cite to any specific "out of court statements."
Upon review, we find no hearsay statements made to the prejudice of appellant. Although Officer Martin testified Mr. Boylan identified Plaintiff's Exhibits 1 and 2 as belonging to Walmart (T. at 11), Mr. Boylan himself testified the boxes belonged to Walmart. T. at 21. Because Mr. Boylan testified about his identification of the boxes, Officer Martin's testimony of same was not offered for "the truth of the matter asserted."
As for Officer Martin's "hearsay" identification of Plaintiff's Exhibits 1 and 2, Officer Martin identified said exhibits as the same boxes she had retrieved after observing appellant carrying them in the fenced in area. T. at 9. Appellant told Officer Martin "he just found them and he was going to take them and sell them on the street for money." T. at 10. Mr. Boylan also identified the exhibits in court. T. at 21-22. The exhibits were properly authenticated and identified.
We find appellant's trial counsel's performance in failing to object to "hearsay" statements did not fall below an objective standard of reasonable representation.
 FULL INVESTIGATION
Officer Black testified appellant gave a recorded statement "at our police department in the security area." T. at 31. Appellant argues his counsel was ineffective for failing to obtain this statement.
Officer Black testified appellant had stated the merchandise found in the vehicle had been purchased in Columbus and the merchandise found in the boxes behind Walmart did not belong to him. T. at 30. These statements were exculpatory. The statements in effect presented appellant's defense without appellant testifying to the trial court.
While the record establishes appellant's trial counsel did not request any discovery pursuant to Crim.R. 16, we find the failure to review the tape recorded statements did not prejudice appellant.
Assignments of Error I and II are denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.